```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RENALDO BROWNE,               )
          Plaintiff,          )
                              )
     v.                       )     C.A. No. 10-11995-JLT
                              )
SODEXO, INC., ET AL.,         )
          Defendants.         )
```

MEMORANDUM AND ORDER

TAURO, D.J.

On December 1, 2010, this Court issued a show cause Memorandum and Order in this employment discrimination case. In response, on December 17, 2010, Plaintiff Browne ("Browne") filed an Amended Complaint.

On December 20, 2010, a Memorandum and Order (Docket No. 8) issued dismissing this action finding that the Amended Complaint failed to set forth plausible claims upon which relief may be granted, in accordance with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. The Memorandum and Order also provided that Browne could seek to reinstate this action within 30 days provided he filed a Second Amended Complaint setting forth his claims, along with any right to sue letter from the EEOC or MCAD.

After the dismissal of this action, on January 3, 2011, Browne filed an inflammatory letter directed to the Chief Judge (Docket No. 10). The letter is not entirely coherent. From what can be discerned, it appears that Browne complains about a Clerk's Office employee he describes as a "Spanish Redhead

Secretary." He claims that he was defamed because he was called a "terrorist" and asserts that she is tormenting him. He implies that this action was dismissed because of the alleged defamation, and he seeks to reinstate his claims by instituting a criminal prosecution against Defendant Brian Gnandt, an MCAD investigator. He also seeks monetary damages against his former employer, Sodexo, Inc., for lost wages.[1]

In its entirety, the body of Browne's letter states:

> This is not a frivolous [sic] a [sic] complaint to you about a staff member in the Clerk of Court Office. You have ordered U.S. Marshals Court Officer to escort that Spanish Redhead Secretary from U.S. District Court premises about tormenting me. Her harassment now is when file complaint with U.S. District Court Clerk's Office she started defamation of my character in civil action by saying to your court staff that I am a terrorist and I command Terrorist to deface my civil procedure in U.S. District Court. When you have sent her home it was because [she] was harassing the Rule 60 F.R.C.P. violations Sheila Diskes escaped prosecution of in 92-10629-S. What I really do for this country the White House of United States do not have the resources to rescue the U.S. economy. On the back of sheets are brief to U.S. House Just so you know what I do is Protect the 300+ million people in America from U.S. White House Personal Profit with government property. [Next page captioned "Complaint"] My case has been proceeding by motion until the character defamation redhead secretary intaked [sic] all of a sudden District Judge J. L. Toura [sic] cannot see the

---

[1] He makes a vague reference to Sheila Diskes (a Clerk's Office employee) in connection with a Freedom of Information Act case Browne v. O'Brian, et al., C.A. 92-10629-WJS, but the nexus to this matter is unclear. It may be that he is complaining of due process violations after the dismissal of that 1992 action. In that case, Judge Skinner entered an Electronic Order on June 22, 2004 advising Browne to stop filing papers in that closed case.

2

>    penalties ask for according to Titles.  I have ask[ed]
>    for one year for Brian Gnandt for affix federal law
>    crimes. Also lost wages from Sodexo Inc.  But this is
>    not frivilous [sic].  I've been shaft[ed] of due
>    process of law by her friend F.R.C.P. Rule 60
>    violations that never been reddress [sic] that is why I
>    am report this next defamation and case battle cause by
>    that Spanish Redhead Secretary you order[ed] to leave
>    the Court premises.  Plaintiff request[s] reddress
>    [sic] for the harassment in Civil Action 1:10-cv-11995-
>    J.L.T.  I contact Legal Services of Boston.

Letter (Docket No. 10).

Thereafter, on January 11, 2011, Browne filed a pleading entitled "Motion to Display Just Cause" (Docket No. 13), along with two documents, both entitled "Amended Complaint #2 (Docket Nos. 11 and 12).

On January 14, 2011, Browne filed another Amended Complaint (Docket No. 14).[2]

## DISCUSSION

I. <u>Browne's Letter Concerning Clerk's Office Staff</u>

As a threshold matter, although Browne's Letter (Docket No. 10) is addressed to the Chief Judge, this Court will address the issues raised by Browne because Chief Judge Wolf does not have the authority to review or overturn decisions by another District Judge.  Should Browne contest the rulings of this Court, his remedy is through a request for reconsideration with the undersigned or through appeal to the United States Court of Appeals for the First Circuit.  The Court, will, however, direct

---

[2]It appears that each of Browne's three Amended Complaints separate his claim by each Defendant rather than one document including claims against all three Defendants.

that a copy of this Memorandum and Order be sent to Chief Judge Wolf.

Next, with respect to Browne's allegations based on defamation of character by a "Spanish Redhead Secretary" who purportedly called him a "terrorist," after an internal investigation of this matter indicating that Browne's allegations are unsupported, this Court will take no action.[3]  Accordingly, Browne's request for redress in this case based on this contention is DENIED.

To the extent that Browne seeks to reopen this action based on the allegations contained in the letter, the request, treated as a Motion for Reconsideration of the Order of Dismissal, is DENIED as unfounded and in non-compliance with the directives of contained in the Memorandum and Order (Docket No. 8).  To reiterate, the basis for dismissal of this action is set forth in the Court's Memorandum and Order (Docket No. 4) and the Memorandum and Order (Docket No. 8), essentially finding that Browne failed to comply with the directives of this Court and the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.[4]

---

[3]The Court considers probative the fact that none of the Clerk's Office personnel (including the unidentified Spanish Redhead Secretary) was ordered removed by the United States Marshal Service, as alleged by Browne.  Accordingly, the Court does not give credence to any of Browne's allegations.

[4]This is not the first time that Browne has made incendiary statements in this case, and this Court is concerned with the seemingly unreal ideations by Browne in connection with this

4

II. <u>The Motion to Display Just Cause</u>

Browne's subsequent Motion to Display Just Cause (Docket No. 13) seeks relief from the Judgment. As such, the Court will consider this motion as a Motion to Reinstate, and as an attempt to comply with this Court's directives in the Memorandum and Order (Docket No. 8). Further, the Court considers that Browne's two additional pleadings (Amended Complaints, Docket Nos. 11 and 12) are also submitted as an attempt to comply with this Court's directives.

Despite Browne's attempt to comply with this Court's directives, however, the pleadings do not add much to the mix, as they still do not comport with the pleading requirements Rule 8 of the Federal Rules of Civil Procedure. Further, it appears that Browne is seeking criminal prosecution or the imposition of criminal penalties against the Defendants. The claim for this type of relief is not cognizable because a private citizen lacks the authority to initiate a criminal prosecution against anyone. See <u>Keenan v. McGrath</u>, 328 F.2d 610, 611 (1st Cir. 1964)("not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in

---

action. Apart from the unsupported allegation that a Clerk's Office employee called him a terrorist and was escorted out by the United States Marshal, Browne alleged in the original Complaint that Defendant Gnandt committed a sex crime as a teenager, and that 30 years ago Browne rescued the victims from Gnandt, whom he describes as a sex offender. Browne includes this presumably to show Gnandt's improper motivation in fraudulently administering his MCAD case. The Court will take no action at this time concerning these matters.

a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime"). See also Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)(generally, private citizens have no authority to institute a federal criminal prosecution). Only the United States as prosecutor can initiate complaints under provisions of federal criminal law. See 28 U.S.C. Section 547(1)(each United States attorney shall "prosecute for all offenses against the United States"). See Martinez v. Ensor, 958 F. Supp. 515, 518 (D. Colo. 1997) ("criminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys").

Notwithstanding the above, however, the Court has considered the attachments submitted by Browne as part of the Amended Complaint (Docket No. 11). Specifically, Browne attaches a copy of his "right to sue" letter dated July 29, 2010 from the EEOC that appears to relate to matters alleged in this action. While it seems that this suit may be untimely (this action was filed on November 16, 2011 (as more than 90 days from issuance and, presumably, receipt of notice)) this Court will not, *sua sponte*, dismiss this action on that basis, but will permit the parties to brief the timeliness issues if appropriate.

As an additional matter, the attachments indicate that there is defense counsel in place in this matter should this action be

permitted to proceed.  On December 29, 2010, Assistant Attorney General Suleyken D. Walker sent Browne a Notice of Appearance on behalf of Gnandt (identified as "Ghandt").[5]  On December 13, 2010, Vice President and Associate General Counsel J. Victor Waye sent Browne a letter declining to accept service on behalf of Sodexo, Inc. in view of this Court's Order regarding the deficient Complaint and directing the filing of an Amended Complaint.  The letter indicated that should this action be permitted to proceed, Sodexo, Inc. would consider whether to waive service of summons of the Amended Complaint.

Finally, it appears Browne is asserting a claim under 42 U.S.C. § 1983 against Lasell College (although he alleges its Human Resources Director committed the purported violations).  Notwithstanding there is no *respondeat superior* liability under § 1983,[6] the Court will permit this action to proceed and the

---

[5] The Court notes, however, that the CM/ECF docket does not reflect the entry of a Notice of Appearance by Attorney Walker.

[6] "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)).  "[In civil rights actions],'supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Velez-Rivera, 437 F.3d at 156 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).  See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).  See also Pineda v.

7

liability issues may be fleshed out by the parties at a later point.

In light of the above, and notwithstanding the possible legal deficiencies noted above, the Court will permit this action to proceed as pled at this time, and will direct the issuance of summonses and service of process by the United States Marshal Service.  To be clear to all parties, the Court deems the operative pleadings in this case shall be the three Amended Complaints combined (Docket Nos. 11, 12, and 14).  Defendants may file a motion pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, or some other appropriate motion.

Browne is PROHIBITED from filing any further Amended Complaints without leave of Court, upon motion and good cause shown, and only after the Defendants have filed an Answer or other responsive pleading after service of process has been effected.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. To the extent Browne's Letter (Docket No. 10) seeks redress in this action in connection with alleged defamation by a clerk of the District Court Clerk's Office, the request is DENIED;

2. To the extent that Browne's Letter (Docket No. 10) is construed as a Motion for Reconsideration of the Order of Dismissal of this action, the motion is DENIED;

---

Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (discussing test for liability of supervisory officials).

3.  Browne's Motion to Display Just Cause (Docket No. 13) is construed as a Motion to Reinstate Case, and as such is <u>ALLOWED</u>. This action shall be <u>REOPENED</u> on the Court docket;

4.  The operative pleadings in this action are, combined, the Amended Complaint (Docket No. 11), the Amended Complaint (Docket No. 12), and the Amended Complaint (Docket No. 14).

5.  Browne is <u>PROHIBITED</u> from filing any further Amended Complaints without leave of Court, and only after an Answer or other responsive pleading is filed by the Defendants;

6.  The Clerk shall issue summonses with respect to Sodexo, Inc., Brian Gnandt (a/k/a Ghandt) and Lasell College;

7.  The Clerk shall send the summonses, Amended Complaints (Docket Nos. 11, 12, and 14), and this Memorandum and Order to Browne, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). Browne may elect to have service made by the United States Marshal Service. If directed by Browne to do so, the United States Marshal shall serve the summonses, Amended Complaint, and this Memorandum and Order upon the Defendants, in the manner directed by Browne, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.[7]

SO ORDERED.

/s/ Joseph L. Tauro
UNITED STATES DISTRICT JUDGE

DATED: January 19, 2011

---

[7] Nothing in this Memorandum and Order prohibits Browne from seeking to obtain a Waiver of Service from the Defendants.