UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| RENALDO BROWNE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-11995-JLT |
| SODEXO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS AND ORDER ON PLAINTIFF'S PENDING MOTIONS

July 5, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

Plaintiff Renaldo Browne ("Browne") has brought this action pro se against defendants Sodexo, Inc. ("Sodexo"), Lasell College ("Lasell") and Brian Gnandt ("Gnandt"),[1] claiming that the defendants engaged in criminal conduct, discriminated against him and violated his constitutional rights as a result of an incident that occurred in January 2008, when Browne was working for Sodexo in a cafeteria located on Lasell's premises. Specifically, Browne alleges that while he was working in the cafeteria, Sodexo's General Manager made racially offensive remarks, which were directed at Browne and defendant Gnandt, and were overheard by Lasell's Director of Human

---

[1] This court has used the spelling of Gnandt's name that has been provided by the defendant rather than the spelling used by the plaintiff in his pleadings.

Resources. He claims that he was harmed as a result of this incident, and that he is entitled to over $400,000 damages, criminal penalties and the reinstatement of his employment with Sodexo.

The matter is presently before the court on the defendants' motions to dismiss all of Browne's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Nos. 24, 33 and 44). As described below, this court finds that Browne has failed to state a claim against any of the defendants. In particular, this court concludes that the plaintiff lacks authority to seek criminal penalties against any of the defendants, that his discrimination claim against Sodexo is untimely and is precluded by his failure to exhaust administrative remedies, and that Browne has failed to state a claim against Lasell for violation of his federal constitutional rights under 42 U.S.C. § 1983, or for conspiracy to deprive him of his federal constitutional rights under 42 U.S.C. § 1985(3). Accordingly, and for all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that all three of the defendants' motions to dismiss be ALLOWED.

Also before the court are three motions that have been filed by the plaintiff, including (1) a "Motion for an Order Compelling Disclosure Rule 37(A)(4)" (Docket No. 39), (2) a "Motion to Response to Dismissal by Plaintiff Pro Se Litigant Rule 4" (Docket No. 48), and (3) a "Motion for Relief from Judgment or Orders Rule 60(A) F.R.C.P." (Docket No. 49). The "Motion to Response to Dismissal," while labeled a "motion," consists of Browne's arguments in opposition to the defendants' motions to dismiss, and will be construed as his opposition memorandum. Accordingly, that motion (Docket No.

48) is ALLOWED. For the reasons described below, Browne's remaining motions (Docket Nos. 39 and 49) are DENIED.

## II. **STATEMENT OF FACTS**

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Where, as here, the plaintiff is proceeding pro se, the court must construe his allegations liberally. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (a pro se complaint, however inartfully pleaded, must be liberally construed). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).[2] Applying these standards to the instant case, the relevant facts are as follows.

---

[2] Consistent with the relevant standard, this court has considered public records submitted by Sodexo which relate to Browne's charges of discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination ("MCAD"). Sodexo's exhibits are attached to "Defendant Sodexo, Inc.'s Motion to Dismiss Plaintiff's 'Amended Complaint #2'" (Docket No. 33), and will be cited herein as "Sodexo Ex. __."

## The Alleged Incident

In January 2008, at the time of the incident giving rise to this lawsuit, Browne was employed as a cook for Sodexo, and was working in a cafeteria located in Valentine Hall on Lasell's campus. (Docket No. 11; Sodexo Ex. 7 at 1).[3] Browne, who is African American, alleges that shortly before the cafeteria was scheduled to close for the afternoon, the General Manager of Sodexo, Miread Van Heest, made "racial and derogatory" statements to the plaintiff. (Docket Nos. 11, 12 & 14). Browne's complaint does not describe the substance of the alleged comments. However, he claims that both the Human Resources Director of Lasell and Gnandt, an African American investigator for the MCAD, were present in the cafeteria and overheard the statements. (Docket Nos. 11 & 14). He further claims that the Human Resources Director warned Ms. Van Heest that the State investigator was standing nearby. (Docket Nos. 11 & 14). Ms. Van Heest allegedly replied that "no nigger State investigator" was going to do anything to her, but the Human Resources Director failed to take any action against her. (Docket Nos. 11 & 14). Browne contends that Gnandt heard this comment as well. (Docket No. 11).

Browne claims that as a result of this incident, each of the defendants committed a Class A misdemeanor. (Docket Nos. 11, 12 & 14). Additionally, Browne is seeking to

---

[3] Browne has filed three documents entitled "Amended Complaint #2," each of which asserts claims against one of the defendants, and collectively constitute the operative pleading in this case. (See Docket Nos. 11, 12 & 14; Docket No. 15 at 8). Because there are three separate documents, this court has cited to the amended complaint by using the docket number of the document containing the relevant allegations.

hold Gnandt criminally liable under 18 U.S.C. §§ 242, 1017 and 1018, to hold Sodexo liable for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and to hold Lasell liable for civil rights violations under 42 U.S.C. §§ 1983 and 1985(3). (Docket Nos. 11, 12 &14).

**Administrative Proceedings**

The record shows that on February 4, 2009, over a year after the incident giving rise to this lawsuit, Browne filed a charge against Sodexo with the EEOC ("EEOC Charge 438") in which he claimed that he had been subjected to employment discrimination on the basis of his race. (See Sodexo Ex. 5). Browne's charge, however, does not refer to the alleged January 2008 incident which forms the basis of this case. Specifically, in his EEOC charge, Browne claimed that in February, October and December 2008, he received three written warnings about his behavior from Ms. Van Heest, which were unjustified, and that in December 2008, Ms. Van Heest pointed at him and said that "she wanted to get rid of the black employees[.]" (Id. at 2-3). Additionally, Browne claimed that in January 2009, he learned that he had not been promoted to the position of Cook II even though he was next in line for the position. (Id. at 3). Significantly, however, Browne made no reference to the January 2008 incident at issue in this case. (See Sodexo Ex. 5).

On April 9, 2009, Browne filed a second charge of discrimination against Sodexo with the MCAD ("EEOC Charge 223").[4] (Sodexo Ex. 7). Therein, Browne claimed that Sodexo was unlawfully retaliating against him for filing his earlier discrimination charge with the EEOC. (Id. at 1). Again, however, Browne made no reference to the alleged January 2008 incident in Valentine Hall at issue in this case. (See Sodexo Ex. 7).

Gnandt, in his capacity as an investigator at the MCAD, conducted an investigation of both charges, and concluded that there was a lack of probable cause to support Browne's claims. (Sodexo Ex. 6 at 7; Sodexo Ex. 8 at 6). Nothing in Gnandt's investigative report concerns the incident that allegedly took place in January 2008 and is at issue in this case. (See Sodexo Exs. 6 & 8). On February 27, 2010, the MCAD dismissed both of Browne's charges against Sodexo. (Sodexo Exs. 11 & 12). There is no evidence in the record whether Browne appealed EEOC Charge 438. On May 5, 2010, the agency denied Browne's appeal of EEOC Charge 223. (Sodexo Exs. 11 & 12; Docket No. 11 at Ex. 4). Subsequently, on July 29, 2010, the EEOC issued a "Dismissal and Notice of Rights" ("Notice") to Browne informing him that it was adopting the MCAD's findings regarding EEOC Charge 223 and dismissing the charge. (Sodexo Ex. 13; Docket No. 11 at Ex. 3). In its Notice, the EEOC also informed Browne of his right to file a lawsuit in federal or state court within 90 days of receipt of the Notice. (Id.).

---

[4] Due to what has been characterized as a "worksharing agreement" between the EEOC and the MCAD, "claims filed with either the MCAD or the EEOC are effectively filed with both agencies." Davis v. Lucent Techs., Inc., 251 F.3d 227, 230 n.1 (1st Cir. 2001). Consequently, Browne's MCAD charge contains both an MCAD charge number and an EEOC charge number.

Additional factual details relevant to this court's analysis are set forth below.

## III. ANALYSIS

### A. Motion to Dismiss Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the non-moving party. Cooperman, 171 F.3d at 46. Dismissal is only appropriate if the pleadings, so viewed, fail to support "'a plausible entitlement to relief.'" Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

Two underlying principles must guide the court's assessment as to the adequacy of the pleadings to support a claim for relief. Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009). "'First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Such conclusory statements are 'not entitled to the assumption of truth.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)) (internal citations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (quoting Ashcroft, 129 S. Ct. at 1950). "This second principle recognizes that the court's assessment of the pleadings is 'context-specific,' requiring 'the reviewing court to draw on its judicial experience and common sense.' '[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.'" Id. (quoting Ashcroft, 129 S. Ct. at 1950) (internal quotations and citation omitted; alterations in original). This court concludes that when Browne's allegations are evaluated under the relevant standard, the defendants' motions to dismiss should be allowed.

### B. Claims Against All Defendants for Alleged Criminal Conduct

By his complaint, Browne is attempting to hold the defendants criminally liable for their conduct in the cafeteria at Valentine Hall in January 2008. In particular, he claims that each of the defendants committed a Class A misdemeanor and is subject to a fine pursuant to 18 U.S.C. § 3571.[5] Furthermore, he alleges that Gnandt engaged in criminal activity in violation of 18 U.S.C. §§ 242, 1017 and 1018. Section 242 is "the criminal analogue of 42 U.S.C. § 1983[.]" Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). It provides for a fine and/or imprisonment of anyone who, acting under color of law, deprives another "of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . ." 18 U.S.C. § 242.

---

[5] 18 U.S.C. § 3571 provides in relevant part that "[a] defendant who has been found guilty of [a federal criminal] offense may be sentenced to pay a fine." 18 U.S.C. § 3571(a). It further provides that the fine for an individual who has been found guilty of "a Class A misdemeanor that does not result in death," shall not exceed $100,000, and that the fine for an organization that has been found guilty of such an offense shall not exceed $200,000. 18 U.S.C. §§ 3571(b)(5) and 3571(c)(5). By his complaint, Browne is seeking to impose a $100,000 fine on each of Gnandt and Lasell, and a $200,000 fine on Sodexo. (Docket Nos. 11, 12 & 14).

Section 1017 provides for the imposition of a fine and/or imprisonment for fraudulently affixing the seal of any federal department or agency to "any certificate, instrument, commission, document, or paper[.]"  18 U.S.C. § 1017.  Section 1018 provides for the imposition of a fine upon and/or imprisonment of any public official who knowingly makes and delivers certificates or writings containing false statements.  18 U.S.C. § 1018.  Because the plaintiff lacks standing to pursue these claims, this court recommends that they be dismissed.

"Criminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys."  Martinez v. Ensor, 958 F. Supp. 515, 518 (D. Colo. 1997).  Browne, as a private citizen, has no authority to prosecute or seek penalties against the defendants under such statutes.  See Cok, 876 F.2d at 2 ("Generally, a private citizen has no authority to initiate a federal criminal prosecution"); Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) ("Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime").  Accordingly, the defendants' motions to dismiss should be allowed with respect to all of the claims brought pursuant to federal criminal statutes.[6]

---

[6] Browne has not identified any civil claims that he is attempting to assert against Gnandt. To the extent he is attempting to hold Gnandt liable under 42 U.S.C. § 1983, he has not alleged any facts to support such a claim. Browne alleges only that Gnandt overheard Ms. Van Heest make racially offensive comments, and that one of those comments was directed at Gnandt. None

### C. Claim Against Sodexo for Employment Discrimination

Browne also is seeking to hold Sodexo liable for unlawful employment discrimination pursuant to Title VII. This court finds that Browne's failure to exhaust his administrative remedies and to comply with the statutory time limitation for filing suit is fatal to his claim. Accordingly, this court recommends that the discrimination claim against Sodexo be dismissed.

### Failure to Exhaust Administrative Remedies

"Title VII is a vehicle through which an individual may seek recovery for employment discrimination on the grounds of race, color, religion, gender, or national origin." Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 85 (1st Cir. 2008). However, "[b]efore an employee may sue in federal court on a Title VII claim, he must first exhaust administrative remedies." Id. "Exhaustion has two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005). "[I]n a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." Id. In the instant matter, Browne's failure to file an administrative charge

---

of these allegations supports a claim that Gnandt's conduct deprived Browne of his constitutional rights. See Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997) (to state a claim under 42 U.S.C. § 1983, plaintiff must establish that the defendant's conduct "worked a denial of rights secured by the Constitution or by federal law"), cert. denied, 522 U.S. 819, 118 S. Ct. 71, 139 L. Ed. 2d 32 (1997). To the extent Browne is attempting to hold Gnandt liable under Title VII, any such claim fails for the reasons described herein with respect to Browne's Title VII discrimination claim against Sodexo.

regarding the January 2008 incident in Valentine Hall, and to produce a right-to-sue letter regarding such a charge precludes him from maintaining a Title VII discrimination claim in this court.

In order to satisfy the exhaustion requirement, the civil action must be within the scope of "the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (quotations and citations omitted). "[W]here, as here, the employee acts *pro se*, the administrative charge is liberally construed in order to afford the complainant the benefit of any reasonable doubt." Id. Thus, the "employee is not required to comprehensively set forth with literary exactitude all of the facts and theories upon which his or her claim is based." Id. (internal quotations omitted). Nevertheless, the fact that an employee is proceeding "*pro se* . . . does not relieve an employee of the obligation to meet procedural requirements established by law. Even a *pro se* complainant is required to describe the essential nature of the claim and to identify the core facts on which it rests." Id. (internal citation omitted). Therefore, "the latitude extended in *pro se* employment discrimination cases . . . [does not] entitle the complainant to make a specific claim based on one set of facts and, later, assert an entirely different claim based on a different and unrelated set of facts." Id.

Although Browne filed two administrative charges of discrimination against Sodexo, neither of those charges addressed the claims set forth in his instant pleadings. As detailed above, EEOC Charge 438 was based on specific events that allegedly

-11-

occurred after the January 2008 incident at Valentine Hall at issue here, and had no apparent connection to the events giving rise to this case. Moreover, even if the allegations set forth in that Charge could be construed as being related to Browne's present discrimination claim, his failure to produce a right-to-sue letter regarding EEOC Charge 438 would render his claim unexhausted.

Browne's second administrative charge, EEOC Charge 223, is entirely unrelated to the facts alleged by Browne in this matter. That Charge consisted of a claim that Sodexo retaliated against Browne for filing EEOC Charge 438. Thus, the fact that he produced a right-to-sue letter regarding EEOC Charge 223 does not satisfy the exhaustion requirement of Title VII.

### **Timeliness**

Even if Browne had exhausted his administrative remedies, his failure to file his lawsuit within the time limitation prescribed by Title VII still would warrant the dismissal of his discrimination claim. Upon receipt of a right-to-sue letter from the EEOC, "the employee has ninety days to sue in federal court." Franceschi, 514 F.3d at 85 (citing 42 U.S.C. §2000e-5(f)(1)) (additional citation omitted). See also Wood v. Mgmt. Search Corp., 14 F.3d 45, 1993 WL 503102, at *1 (1st Cir. Dec. 8, 1993) ("Compliance with the Title VII time for filing a federal suit, 42 U.S.C. § 2000e-5(f)(1), is a statutory prerequisite: a complaint must be filed within 90 days of *receipt* of the EEOC right-to-sue letter"). The record shows that Browne initiated this lawsuit on November 16, 2010, more than ninety days after receiving his right-to-sue letter from the EEOC regarding

EEOC Charge 223. (See Docket No. 1). Therefore, his discrimination claim must be dismissed as untimely.

There is nothing in the record showing the exact date when Browne received his right-to-sue letter. Nevertheless, "[i]n assessing timeliness, a court may assume that a right-to-sue letter was mailed on the date shown on the document" and "that a mailed document was received three days after mailing." Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215-16 (S.D.N.Y. 2010). See also Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1, 104 S. Ct. 1723, 1724 n.1, 80 L. Ed. 2d 196 (1984) (per curiam) (where EEOC issued right-to-sue letter on January 27, 1981, "presumed date of receipt of the notice was January 30, 1981."). The record shows, and Browne does not dispute, that the EEOC issued the right-to-sue letter regarding EEOC Charge 223 on July 29, 2010. (See Docket No. 11 at Ex. 3; Sodexo Ex. 13). However, because August 1, 2010 was a Sunday, it can be assumed that Browne would not have received the letter until August 2, 2010, four days after the date shown on the letter. See Barbosa, 716 F. Supp. 2d at 218-219 (court assumes that plaintiff received the right-to-sue letter on the date it was received in the plaintiff's mailbox). Browne does not contend that he received the letter at any later time. See id. at 216 (presumption regarding date of receipt of EEOC letter may be rebutted by evidence that "the notice was mailed later than its type-written date or that it took longer than three days to reach [plaintiff] by mail"). By filing this action on November 16, 2010, Browne missed the ninety day deadline by more than two weeks. Accordingly, his discrimination claim is untimely.

"Equitable tolling is available in exceptional circumstances to extend the statute of limitations" in cases brought pursuant to Title VII. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009) (quotations and citation omitted). However, "[i]n order for equitable tolling to apply, the plaintiff must show that circumstances beyond his or her control precluded a timely filing." Id. Browne has not provided any reason for his failure to file his lawsuit on time, much less attempted to show that he was prevented from doing so due to circumstances beyond his control. Therefore, the plaintiff's discrimination claim should be dismissed.

### D. Claims Against Lasell Under 42 U.S.C. §§ 1983 and 1985(3)

Browne claims that due to the conduct of its Human Resources Director, Lasell should be held liable under 42 U.S.C. § 1983 ("Section 1983") for violations of his civil rights, and under 42 U.S.C. § 1985(3) ("Section 1985(3)") for conspiracy to deprive him of his civil rights. Because Browne has failed to allege sufficient facts to state a claim against Lasell under either statutory provision, these claims should be dismissed as well.

### Claim Under Section 1983

In order to state a claim under Section 1983, the plaintiff must establish both that the defendant was "acting under color of state law" and that the conduct "worked a denial of rights secured by the Constitution or by federal law." Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997), cert. denied, 522 U.S. 819, 118 S. Ct. 71, 139 L. Ed. 2d 32 (1997). In the instant matter, Browne has not alleged any facts whatsoever to suggest that Lasell is a state actor or that the actions of its employees could be fairly attributed to the state.

See Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado de P.R., 84 F.3d 487, 491-95 (1st Cir. 1996) (describing circumstances in which a defendant's actions may be fairly attributed to the state for purposes of Section 1983). "Because section 1983 does not reach private actions," Browne has failed to state a claim against Lasell. Id. at 491.

In addition, Browne has failed to allege any facts to establish the second element of a Section 1983 claim against Lasell. Specifically, the plaintiff has failed to identify a constitutional or federal right that was infringed by the Human Resources Director's failure to take any action after allegedly hearing Ms. Van Heest make "racial and derogatory" statements. Nor has he alleged any facts to suggest that Lasell's Human Resources Director had any responsibility for the actions of Sodexo's employees generally or the conduct of Ms. Van Heest in particular. Accordingly, even if it is assumed that Ms. Van Heest's conduct deprived the plaintiff of his constitutional rights, Browne's Section 1983 claim against Lasell should be dismissed.

## Claim Under Section 1985(3)

Browne's allegations also are insufficient to state a civil rights conspiracy claim against Lasell under Section 1985(3). In order to state a claim under Section 1985(3), the plaintiff must allege the following elements:

> First, the plaintiff must allege a conspiracy; second, he must allege a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws; third, he must identify an overt act in furtherance of the conspiracy; and finally, he must show either injury to person or property, or a deprivation of a constitutionally protected right.

Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008). Because Browne has alleged no facts indicating the presence of a conspiratorial agreement between Lasell and either of the other defendants, his Section 1985 claim "stumbles at the gate." See Horne v. City of Boston, 509 F. Supp. 2d 97, 112 (D. Mass. 2007) (plaintiffs unable to support claim under Section 1985(3) where they produced no evidence of a conspiratorial agreement). "An illicit agreement is the essence of a conspiracy and without proof of such, there can be no viable cause of action." Id. Therefore, Browne's failure to allege such an agreement is fatal to his claim.

Nor has Browne alleged any facts showing that Lasell engaged in "an overt act in furtherance of the conspiracy[,]" or that he suffered any injury as a result of the Human Resources Director's failure to take any action in response to Ms. Van Heest's alleged statements. For these reasons as well, this court recommends that Browne's claims against Lasell be dismissed.[7]

### E. Browne's Motions to Compel and for Relief from Judgment

Also pending before the court are Browne's "Motion for an Order Compelling Disclosure Rule 37(A)(4)" and his "Motion for Relief from Judgment or Orders Rule 60(A) F.R.C.P." By his motion to compel, Browne appears to be seeking an order directing the U.S. Marshal to serve process on defendant Gnandt. However, Gnandt has

---

[7] Because Browne has failed to state a claim against any of the defendants for the reasons described above, this court finds that it is unnecessary to address the remaining arguments raised by the defendants in support of their motions to dismiss.

been duly served, and has responded to the complaint by way of his motion to dismiss. (See Gnandt Mot. to Dismiss (Docket No. 44) at 1 n.1 (stating that Gnandt's counsel was served with process on March 24, 2011)). To the extent Browne is seeking to compel discovery, his failure to state any claims for relief eliminates the need for any discovery in this case. Therefore, the motion is denied.

By his motion for relief from judgment, Browne appears to be accusing several court employees of conspiring to deprive him of his right to a hearing before the court and failing to preserve witness testimony in his case. Browne's accusations are utterly lacking in factual support and are inappropriate. Browne appeared before this court for a hearing on the defendants' motions to dismiss on April 14, 2011, and had ample opportunity to present his arguments. Furthermore, no discovery has taken place in this matter, and in any event, court personnel are not responsible for the preservation of witness testimony. Accordingly, this motion also is denied.

## IV. <u>CONCLUSION</u>

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that all three of the defendants' motions to dismiss (Docket Nos. 24, 33, and 44) be ALLOWED.[8] The plaintiff's "Motion to Response to Dismissal"

---

[8] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly

-17-

(Docket No. 48), which has been construed as an opposition to the motions to dismiss, is ALLOWED. However, Browne's "Motion for an Order Compelling Disclosure Rule 37(A)(4)" (Docket No. 39) and his "Motion for Relief from Judgment or Orders Rule 60(A) F.R.C.P." (Docket No. 49) are DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).